DECISION
Before the Court is a dispute referred to in consolidated cases that the Court took under advisement upon the parties' stipulated facts. These cases concern the effect of a foreclosure sale, conducted by Deutsche Bank National Trust Company, as Trustee for HSI asset Securitization Corporation Trust 2006-HE1 ("Deutsche Bank"), and that sale's effect on title to certain real property located at 33 Cowper Court, Providence, Rhode Island ("the Property").[1] The first action consists of two petitions by Deutsche Bank to obtain possession of the Property's two separate units from purported owner and *Page 2 
alleged tenant at sufferance Ivy Nimley ("Nimley") on appeal from Sixth Division District Court. The second action is Nimley's petition in this Court to quiet title via a Complaint for a Declaratory Judgment.See G.L. § 34-16-5.
 I FACTS TRAVEL
The Court's findings of fact will be based upon and incorporate the facts as stipulated by the parties. The material stipulated facts are as follows: Nimley purchased the property on July 10, 2006. To finance her purchase, Nimley executed a promissory note ("Note") in favor of lender WMC Mortgage ("WMC") and a mortgage ("Mortgage") in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for WMC. (Stipulated Facts ¶¶ 3-4). The Mortgage identified MERS as the mortgagee (Stipulated Facts ¶ 5) and as the nominee for Lender WMC (Stipulated Facts ¶ 4).
On November 15, 2007, MERS assigned the Mortgage and Note to Deutsche Bank. (Stipulated Facts ¶ 6.) Thereafter, Deutsche Bank initiated foreclosure proceedings against Nimley, and scheduled a foreclosure sale for January 16, 2008. (Stipulated Facts ¶¶ 8-9.) Nimley filed for Chapter 13 Bankruptcy in the United States Bankruptcy Court for the District of Rhode Island on January 15, 2008. (Stipulated Facts ¶ 8.) As a result of the automatic stay against creditor action as contained in 11 U.S.C. § 362, the foreclosure sale that was scheduled for the following day was cancelled. (Stipulated Facts ¶ 9.) On March 19, 2008, Nimley dismissed her Chapter 13 case. (Stipulated Facts ¶ 10.)
On June 4, 2008, Deutsche Bank conducted a mortgagee's foreclosure sale and purchased the Property at the foreclosure auction. (Stipulated Facts ¶ 11.) *Page 3 
On September 11, 2008, Nimley filed another Chapter 13 Bankruptcy petition. (Stipulated Facts ¶ 12.) Deutsche Bank moved for relief from the automatic stay (See 11 U.S.C. § 362(d)), seeking specifically to ratify the foreclosure sale that had taken place three (3) months earlier. (Stipulated Facts ¶ 12.) After several hearings, the Bankruptcy Court granted Deutsche Bank's Motion for Relief and entered an Order Nunc Pro Tunc that confirmed the foreclosure sale. (Stipulated Facts ¶ 13.) On June 17, 2009, the Bankruptcy Court ordered that:
 "Deutsche Bank National Trust Company, as Trustee for HSI Asset Securitization Corporation Trust 2006-HE1, its Successors and/or Assigns, is hereby granted permission to record[] its foreclosure documents regarding the mortgage given by Ivy Nimley to Mortgage Electronic Registration Systems, Inc. . . .The foreclosure sale held on June 4, 2008 is hereby confirmed and Deutsche Bank National Trust Company, as Trustee for HSI Asset Securitization Corporation Trust 2006-HE1, its Successors and/or Assigns, may exercise its right under said Mortgage, and may bring such actions, including, without limitation, eviction proceedings, as are permissible by law, all set forth in its Motion." (Stipulated Facts Ex. 7.)
On June 24, 2009, the Bankruptcy Court denied Nimley's Motion to Reconsider the Order granting Deutsche Bank's Motion for Relief from Stay. (Stipulated Facts ¶ 14.) The Bankruptcy Court issued a written Order denying the Motion, in which the Bankruptcy Court characterized Nimley's case as "a series of representations, continuances, expectations, and repeated requests for more time. . . . Throughout [which] none of [Nimley's] projections, expectations, or promises have been fulfilled." (Stipulated Facts Ex. 8 at 1-2.) The Bankruptcy Court specifically "adopted and incorporated [] by reference" "the reasons stated by Deutsche Bank in its Objection" to the Motion to Reconsider and in its decision to deny Nimley's Motion. *Page 4 
(Stipulated Facts Ex. 8 at 2.)
In October of 2009, three (3) months after the Bankruptcy Court denied Nimley's Motion to Reconsider, Deutsche Bank filed two Complaints in the Sixth Division District Court. Deutsche Bank's Complaints sought to evict the occupants of the property's Unit 1 and Unit 2. (Stipulated Facts ¶¶ 16-17.) On February 24, 2010, the eviction action for Unit 1 was scheduled for trial in the Sixth Division District Court, but was continued at the request of Nimley. (Stipulated Facts ¶ 18.)
On March 2, 2010, Nimley filed a Complaint for Declaratory Judgment in this Court. (Stipulated Facts ¶ 19.) Nimley seeks a declaration that the foreclosure sale, and therefore the eviction, was void (Compl. ¶ 32(e)) and that clear title in fee simple belongs to her (Compl. ¶ 40(c)). In support of these claims, Nimley alleges that MERS' role in relation to the Note and Mortgage was illegal (Compl. ¶¶ 2-13, 18, 20-22); that the assignments of the mortgagee and nominee interests disconnected the Note and Mortgage, thereby voiding Nimley's obligations (Compl. ¶ 19); and that the original lender, WMC, was the only party authorized to foreclose under the Mortgage (Compl. ¶¶ 3, 5-6, 10-14, 28-29) and by Title 34 of the Rhode Island General Laws (Compl. ¶¶ 4, 28).
At this point, the District Court eviction actions were still ongoing. Deutsche Bank and Nimley entered into an "Agreement for Judgment" relative to Unit 1 and a Stipulation relative to Unit 2 in March of 2010 (collectively, the "Stipulated Judgments"). The parties agreed to a use and occupancy amount of $300 per month for Unit 1 and $500 per month for Unit 2; the parties agreed that a bond of $1000 was due in relation to Unit 2 by April 1st; and Nimley agreed to waive her right to appeal or to seek further stay of *Page 5 
execution for possession on Unit 1. (Stipulated Facts §§ 21-22.)
Nimley, despite the agreed "waiver of right to appeal," nonetheless appealed both of the Stipulated Judgments to this Court for trialde novo. (Stipulated Facts ¶ 22.) On April 4, 2010, while the appeals from the Stipulated Judgments were pending in Superior Court, Nimley moved to consolidate the District Court appeals with this Declaratory Judgment action. The Court granted the Motion To Consolidate.
Defendants filed Motions to Dismiss both the District Court appeals and the Declaratory Judgment action. Plaintiff objected. On April 12, 2011, this Court granted Deutsche Bank's Motion to Dismiss the District Court appeals based on procedural grounds.[2] The parties conferenced the Declaratory Action with the Court and agreed to prepare a Stipulation of Facts for the Court to take the matter under advisement for resolution.
 II STANDARD OF REVIEW
In a case tried to the Court upon stipulated facts, "the trial court does not play a fact-finding role, but is limited to applying the law to the agreed-upon facts." Delbonis Sand Gravel Co. v. Town ofRichmond, 909 A.2d 922, 925 (R.I. 2006). Stipulated facts, upon which a case is submitted for decision, may be taken with all the admitted facts and the inferences legitimately to be drawn from them. 6 Am. Jur. 2d Stipultn § 17. Where . . . [there are] evidentiary facts stipulated, the court may, if more than one inference can be drawn from the facts, permissibly find the ultimate determinative facts from the evidence stipulated. Id. Valid stipulations are controlling and conclusive, and *Page 6 
courts are bound to enforce such stipulations. Burstern v. U.S.,232 F.2d 19, 22 (C.A. 8 1956) (citing H. Hackfeld Co. v. UnitedStates, 197 U.S. 447, 25 S. Ct. 456, 49 L.Ed. 826 (1905)).
 III THE PARTIES' ARGUMENTS
Deutsche Bank argues as to the Declaratory Judgment Action, resjudicata bars Nimley's claims. Deutsche Bank bases this contention on Nimley's second Chapter 13 Bankruptcy action, in which the Bankruptcy Court specifically ruled nunc pro tunc that Deutsche Bank's foreclosure sale and the title obtained thereby was valid and granted Deutsche Bank relief from the automatic stay in order to conduct the foreclosure sale.
Furthermore, Deutsche Bank argues that, should the Court decide the matter on its merits via application of the law to the stipulated facts, Deutsche Bank contends that the foreclosure sale was valid pursuant to the law and agreements between Nimley and Deutsche Bank.
Nimley fails to argue that the Bankruptcy Court did not and could not have heard the issues she raises herein in her opposition to Deutsche Bank's motion for relief from stay. Furthermore, Nimley fails to assert the inapplicability of res judicata but contends that the stipulated facts demonstrate a broken chain of title which voided Deutsche Bank's interest in the Property, acquired after foreclosure.
 IV DISCUSSION
The Rhode Island Supreme Court has recognized that "`a suit can be barred by the earlier [resolution] of another suit in either of two ways: res judicata or release.'" *Page 7 Lamarque v. Fairbanks Capital Corp., 927 A.2d 753, 757 (R.I. 2007) (quoting Nottingham Partners v. Trans-Lux Corp.,925 F.2d 29, 31-32 (1st Cir. 1991)). This dispute implicates a question of res judicata. See Stipulated Facts Exs. 7 (Bankruptcy Court Order ruling foreclosure sale valid nunc pro tunc); 8 (Bankruptcy Court Denial of Nimley's Motion to Reconsider). The earlier dismissal of the District Court actions, however, makes the issues raised in the District Court Appeal moot. Therefore, the only legal issue remaining for the Court to resolve in the Quiet Title action is that of the applicability of res judicata.
As to the Declaratory Judgment action, "[t]he doctrine of resjudicata serves as an absolute bar to a second cause of action where there exists identity of parties, identity of issues, and finality of judgment in an earlier action." Bossian v. Anderson,991 A.2d 1025, 1027 (R.I. 2010) (quotations omitted); seealso Restatement (Second) Judgments § 17(3) (1982). "Res judicata, or claim preclusion, prohibits the relitigation of all issues that were tried or might have been tried in the original suit." Bossian, 991 A.2d at 1027 (citations omitted).
Like this Court's decision in Reynolds v. First NLC FinancialServices, No. PC-2010-5792, 2011 WL 3794703 (R.I. Super. Aug. 22, 2011), the present matter concerns a debtor/homeowner's attempts to invalidate a foreclosure sale — while not disputing the default on the payment obligation under the Note, Nimley does not dispute that she executed both the Mortgage and Note and does not dispute her default under the terms of the Note, thus triggering the mortgagee's foreclosure action based on the statutory power of sale contained in the mortgage instrument. Nimley only disputes the legal effect of the Note and Mortgage on her title to the Property. Having invoked the jurisdiction of the *Page 8 
Bankruptcy Court, Nimley opposed Deutsche Bank's motion for relief from the automatic stay to allow the foreclosure. Thus, Nimley chose to challenge the validity of the Deutsche Bank foreclosure in its opposition to the Bank's motion for relief from the automatic stay. The order granted relief from the stay, on the basis that the foreclosure was found to be a proper and valid exercise of Deutsche Bank's rights under the Note and Mortgage.
 A Identity of Parties
Our Supreme Court does not require the identical arrangement of identical parties. All that is required is "`[the] establishment that the party against whom [res judicata] is asserted (in this case Nimley) was a party or in privity with a party to the prior action.'" Ret. Bd. of Employees' Ret. Sys. of State v.DiPrete, 845 A.2d 270, 282 (R.I. 2004) (quoting Ferguson v.Marshall Contractors, Inc., 745 A.2d 147, 154 (R.I. 2000)). This element is present in this case in which Nimley seeks to void the foreclosure sale in a forum different than that which previously decided the same issue between the same parties. Here, the parties on both sides are identical: Deutsche Bank was the creditor in the Bankruptcy Court action; and Nimley was the debtor. Thus, identity of parties exists.
 B Identity of Issues
In Reynolds, this Court thoroughly explained our Supreme Court's jurisprudence on the identity of issues in a factually and legally similar context. 2011 WL 3794703 at * 5-10. As stated by our Supreme Court in Plunkett v State, 869 A.2d 1185, 1188-1189 (R.I. 2005), the Court engages in a pragmatic analysis to decide whether the facts *Page 9 
underlying the action sought to be precluded and the facts underlying the previous action constitute a single transaction or series. This analysis "`giv[es] weight to such considerations as to whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.'"869 A.2d 1185, 1188-89 (R.I. 2005) (quoting Restatement (Second)Judgments § 24 (emphases omitted)).
If the facts underlying both actions constitute a single transaction or series of transactions, the identity of issues prong of the resjudicata inquiry is satisfied "`regardless of the number of substantive theories, or variant forms of relief flowing from those theories, that may be available to the plaintiff.'" Plunkett,869 A.2d at 1189 (quoting Restatement (Second)Judgments § 24 cmt. A). Moreover, "res judicata extinguishes a party's claims even if that party is `prepared in a second action to present evidence or grounds or theories of the case not presented . . . in the first action, or to seek remedies or forms of relief not demanded in that action.'" Palazzo v. Alves, 944 A.2d 144, 153 (R.I. 2008) (quoting ElGabri v. Lekas, 681 A.2d 271, 276 (R.I. 1996)).
Like the debtor/homeowner in Reynolds, Nimley first attacked the legitimacy of Deutsche Bank's foreclosure through her objection to Deutsche Bank's motion for relief from stay. As discussed inReynolds, such action is preclusive of a subsequent action in this Court to raise the identical challenge by way of an action for declaratory relief. See Reynolds, No. PC-2010-5792, 2011 WL 3794703 at * 7-10. This is because "[o]ur state statutes merely govern the jurisdiction of our state courts; they can not limit the adjudicative powers of federal courts."Id. at 10 (citing 36 C.J.S. Jurisdiction § 10);see also DiSaia v. Cap. Indus., Inc.,113 R.I. 292, 320 A.2d 604 (R.I. 1974) (affording *Page 10 
Bankruptcy Court judgment preclusive effect against a state court action). As this action is predicated upon the same facts as the Bankruptcy Court action, granting relief from the stay to Deutsche Bank, Nimley's claims in this Quiet Title action were or could have been adjudicated therein, thus identity of issues is satisfied.
 C Final Judgment on the Merits
Like the Bankruptcy Court actions in Reynolds, the Bankruptcy Court action that preceded the present matter resulted in an Order declaring that the foreclosure sale was valid. Nimley petitioned the Bankruptcy Court to reconsider its Order. The Bankruptcy Court unequivocally denied Nimley's Motion in a written Order. This Court finds that final judgment on the merits in the previous action exists in the form of the Bankruptcy Court's order granting relief from the stay to permit the Deutsche Bank to foreclose. See Reynolds, No. PC-2010-5792, 2011 WL 3794703 at * 11-13.
 CONCLUSION
Nimley's claims are precluded as a matter of law pursuant to the doctrine of res judicata. Therefore, this Court denies Nimley's requests for declaratory and injunctive relief. The Court will enter judgment for the Defendant in this action for Declaratory Relief, declaring as a matter of law that Deutsche Bank's foreclosure sale was a lawful exercise of its rights under the Mortgage as assigned to it by MERS. The validity of the Deutsche Bank foreclosure has already been resolved in another forum that found the sale to be a lawful exercise of the Bank's right to foreclose, and this Court is bound by resjudicata to follow the conclusions of law underlying the Bankruptcy Court's order granting Deutsche Bank relief from automatic stay, 11 U.S.C. § 362(d). Accordingly, *Page 11 
this Court is satisfied that all of Plaintiff's claims, raised by Nimley in the Declaratory Judgment action and as defenses in the eviction case, have already been addressed by the Bankruptcy Court, which ruled to uphold the validity of Deutsche Bank's foreclosure.
[1] Although originally these cases were consolidated, the Court has since dismissed the District Court Appeal, for reasons unrelated to the issues raised in the Quiet Title Action. For that reason, this decision affects only the Quiet Title Action (PC 2010-1315).
[2] Nimley appealed contrary to the non-appeal stipulation, and failed to pay rent during the pendency of appeal as required by G.L. § 34-18.1-18. *Page 1